WILLIAM S. WRIGHT

*vs.*

THE UNITED STATES.

AT LAW.   DECIDED JANUARY, 1845.

*Error to the Criminal Court.*

In an indictment under the Act of Congress of March 2d, 1831, for obtaining goods,. &c., by false pretences it is error to aver "that by reason of which false pretence the prisoner did then and there unlawfully obtain, &c."

JAMES HOBAN for the prisoner.

P. R. FENDALL for the United States.

The court on petition of the plaintiff issued two writs of error.

The defendant in the Criminal Court was found guilty of obtaining money under false pretences on two indictments each for seperate and distinct acts.

One of them that Wm. S. Wright, &c., unlawfully did falsely pretend to one, John P. VanNess that he the said Wm. S. Wright was a brother of one Silas Wright Jr., a senator of the United States, &c., by reason of which said false pretence the said Wm. S. Wright did then and there unlawfully obtain from the said John P. VanNess two bank notes each for the payment of money to the amount of ten dollars. The other that Wm. S. Wright, &c., unlawfully did falsely pretend to one Edward Dyer that he was a brother to Silas Wright, a senator of the United States by reason of which false pretence the said Wm. S. Wright did then and there unlawfully obtain from the said Edward Dyer a cer-- tain instrument in writing for the payment of money.

There were other counts in this latter indictment.

The prisoner was found guilty on both indictments.

The error assigned by the defendant was:

Because it is apparent on the face of the record in

these cases that the prisoner is charged with obtaining money by a false pretence whereas the Act of Congress (*) only applies to obtaining money by false pretences, and for other reasons and errors.

The Criminal Court Judge Dunlap presiding overruled the objection.

The following points were raised in the arguments by the several counsels.

1st. Is the offense such as is punishable under the statute?

2d. Is the want of venue of the pretence fatal?

3d. Is there a venue?

4th. Is one pretence only punishable under the statue against false pretences?

The latter point was the only one pressed.

Mr. HOBAN for the plaintiff contended that in the first VanNess case the indictment charges the prisoner with obtaining two bank notes from General Van-Ness by the false pretence of representing himself as the brother of Silas Wright, a member of the United States Senate. The language of the Penitentiary Act applies to persons duly convicted of obtaining goods, money, bank-notes, &c., by false pretences, here only one false pretence is charged. Penal statutes must be construed strictly stealing horses does not apply to stealing a horse, 1 Black Com., 88. To meet this a declaratory Act was required and the Act of 2 and 3, Ed. 6, Ch. 33, that took away the benefit of clergy from the case of stealing horses, before that Act clergy was allowed in the case of stealing a horse by statute.

In Hapel's case, 1 Leach Crown Law, stealing a bank note was held to be included under the Act punishing the larceny of stealing "any bank-notes" upon the like principle burning a house was held punishable under the act for burning any houses.

The argument of the Attorney-General in the case in Leach, shows that case to turn upon other portions

and the peculiar phraseology of other portions of the same law. These cases are not in point. The question here is not to what a plain law applies but what that law is, whether the obtaining goods, &c., must be by one or more pretence.

The English Acts of false pretences use this language : "any pretence or pretences," our Penitentiary Act speaks only " of false pretences."

The King *vs.* Goodhull & Rupel; 11 Ryan, 343, this was a case of obtaining meat upon a promise, at the same time, to send the money, which was not done. The twelve judges held the conviction wrong, saying : " it was merely a promise for future conduct, and *common prudence and caution would have prevented any injury arising from the breach of it.*"

In the case of the U. S. *vs.* Letty Clark, April 9, 1840, Cranch, C. J., the Court say that they are to judge whether the averment contains a false pretence within the contemplation of the law.

4th Pickering, 177, Per Curiam. "A mere naked lie (is this case any mere)? may not be sufficient to sustain an indictment on this statute, for it is not the policy of the Government to punish criminally every wrong which is committed. It is difficult, no doubt, to draw the line."

Mr. Fendall in his notes, says : In the notes handed to the court by the prisoner's counsel, he refers to the facts of the case. There would be no difficulty in meeting the arguments suggested, if such a course were admissible, but it is not so. The proceedings in the VanNess case before the court on a writ of error to the Criminal Court for its refusal to correct the judgment, of course no question can come before the Appelate Court, except such as arises on the face of the indictment.

As to the nature of the offence, Mr. Fendall referred to the case of People *vs.* Stone, 9 Wendall, 182, under

the 1 Revised Statute of New York, pp. 410 and 616, and People *vs.* Jenning, 11 Wendall, 18, under 2 Revised Statute of New York, pp. 677, 653.

The opinion of Cranch, C. J., in the case of Jones & Clarke *vs.* United States, April 9, 1840.

As to the simple pretence, Mr. Fendall cited, 1 Blackstone Com., 88, Christian's notes, Archb. Cr. 289, 8 edition. Hassel's case, 1 Leach, Cr. L., pp. 1–5, and U. S. *vs.* Wiltberger, 5 bb., 76.

The judgment of the Criminal Court was reversed.

---

* Sec. 1. That from and after the passage of this act, every person who shall be convicted in any court of this District of Columbia of any of the following offences, to wit : Obtaining by *false pretences* any goods or chattels, money, bank note, promissory note, or any other instrument in writing for the payment or delivery of money or other valuable thing, shall be sentenced to suffer punishment by imprisonment and labors.

Sec. 12. That every person duly convicted of obtaining by *false pretences*, any, &c., approved March 2, 1831.